

# United States Bankruptcy Court
# for the District of Oregon

**Thomas M. Renn, Judge**      405 East Eighth Avenue, Suite 2600     (541) 431-4050
Virginia H. Denney, Judicial Assistant     Eugene, Oregon 97401
Howard J. Newman, Law Clerk

March 11, 2016

Mr. Brent G. Summers
Tarlow Naito & Summers, LLP
2501 SW First Avenue, Suite 390
Portland, OR  97201

Mr. Albert N. Kennedy
Tonkon Torp LLP
888 SW Fifth Avenue, Suite 1600
Portland, OR  97204

Ms P. Rebecca Kamitsuka
Attorney for the United States Trustee
405 E. 8th Avenue, Suite #1100
Eugene, OR  97401

RE:     In re Berjac of Oregon; Case No. 12-63884-tmr7
         Trustee's Motion for Summary Determination Approving the Trustee's Proposed
         Settlement With Bullivant Houser Bailey, P.C. (Doc. #1245)

Counsel:

       I have reviewed the above-referenced Motion, as well as the Declaration (including the exhibits attached thereto), Memorandum, and Concise Statement filed in support thereof. I note Bullivant Houser Bailey, P.C. has filed a joinder in the Motion (Doc. #1255). The Motion will be denied for the following reasons:

       1) <u>Defective Certification</u>: Mr. Summers' Certification on page 1 of the Motion does not describe the efforts he made to resolve the disputed Amended Motion to Settle and Compromise (Doc. #1158), in violation of LBR 7007-1(a)(1)(A).[1] Failure to comply with the Local Rule is grounds for denial of the Motion. LBR 7007-1(a)(2).

---

[1] LBR 7007-1(a)(1)(A) is made applicable by LBR 9013-1(a)(7).

2) <u>Defective Service</u>: The Amended Motion to Settle and Compromise, and Objections thereto, created a contested matter. FRBP 9014(b) provides that any paper served afterwards "shall be served in the manner provided by Rule 5(b) F.R.Civ. P." By my count, there are 12 pending objections to the settlement. Many of the objectors are pro se. All the objectors should have been served with the instant Motion and documents in support thereof. However, the Certificates of Service attached thereto indicate only ECF participants were served. That method of service omitted at least 9 of the pro se objectors. <u>See</u> Docs. ##1162, 1163, 1176, 1191, 1192, 1193, 1195, 1198, and 1199.

3) <u>Defective Concise Statement of Material Facts</u>: The Concise Statement does not comply with LBR 7056-1(c)(1) in that it does not cite to the particular affidavit, declaration, or other document to which the factual statements therein refer. Under LBR 7056-1(e), I have no independent duty to search the record.

4) <u>Motion is Premature</u>: FRCP 56(d)[2] allows a non-movant who is unable to timely adduce opposing evidence to request additional time. Alternatively it may ask that the motion be deferred or denied. Ordinarily such a request must be supported by an affidavit or declaration. However, I am prepared to invoke FRCP 56(d) sua sponte. The record indicates Ms Kamitsuka has scheduled Mr. Gerber's deposition on March 17 (Doc. #1241). I am aware that Mr. Gerber is one of the central figures in the present dispute, and that his deposition testimony will likely be key to any opposition filed by the United States Trustee. Under LBR 7007-1(b)(3)(A),[3] a party has 14 days to respond to a motion for summary judgment. As the Motion was filed on March 4, the deposition date is on the 13th day of the response period. One day is hardly enough time to assemble an appropriate response. I further note Ms Kamitsuka has scheduled Mr. Hutchinson's deposition for April 4 (Doc. #1251), which is after the 14-day response period. Again, I reasonably infer Mr. Hutchinson's deposition testimony would be used in any opposition filed by the United States Trustee.

5) <u>Supporting Evidence is Insufficient</u>: As the parties are aware, the guideposts for court approval of a settlement are set out in <u>Martin v. Kane (In re A & C Properties)</u>, 784 F.2d 1377, 1381 (9th Cir. 1986). In determining the fairness, equity, and reasonableness of a settlement, I must consider:

(1)   the probability of success in the litigation;
(2)   the difficulties, if any, to be encountered in the matter of collection;
(3)   the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
(4)   the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

<u>Id.</u> The Trustee has the burden of proof on the elements, <u>Id.</u>, which on summary judgment means he must support the motion with evidence that would entitle him to a directed verdict if not controverted at trial. <u>C.A.R. Transp. Brokerage Co., Inc. v. Darden Rest., Inc.</u>, 213 F.3d 474,

---

[2]FRCP 56(d) is made applicable by FRBPs 9014(c) and 7056.

[3]LBR 7007-1(b)(3)(A) is made applicable by LBRs 7056-1(d) and 9013-1(a)(8).

480 (9th Cir. 2000). Conclusory statements are insufficient to support a movant's burden. Shakur v. Schriro, 514 F.3d 878, 890 (9th Cir. 2008). While the deposition testimony of Messrs. Huntsberger and Summers adduced in support of the Motion contains certain specifics, it does not, on balance, save perhaps that regarding the complexity of the underlying litigation, rise above a series of conclusory statements that the A & C factors have been met.

While I am not prepared to impose a blanket prohibition on future motions, based on the entire record before me, as well as the applicable legal standards, it appears unlikely this dispute will be resolved on summary judgment. The Trustee and Objectors alike should therefore carefully consider the merits of any contemplated future motion.

This letter sets forth my findings and conclusions under FRBP 7052. The Court will prepare its own order.

Very truly yours,

THOMAS M. RENN
Bankruptcy Judge

TMR:vhd

cc: All ECF participants
By First Class Mail to:
Marcia Mary Nuwer
Charlene Sue Cox Revocable Trust, c/o Charlene and John Cox, Cotrustees
John Cox
Sandy O'Malley
Douglas Graves
George and Melissa Rex
Thomas and Kathleen Kiefer
David Barajas
Sally Piernick